# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LeBLANC,<br><br>        Petitioner,<br><br>    v.<br><br>MARTIN BITER, Warden,<br><br>        Respondent. | Case No. CV 18-03424-JLS (AFM)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

    Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 24, 2018. According to the petition, petitioner is currently in state custody and is awaiting a criminal trial on charges of attempted murder, battery, and resisting a peace officer. (ECF No. 1 at 2.) In the state court preliminary proceedings, petitioner elected to represent himself. The trial court, however, subsequently revoked petitioner's pro per status based upon its findings that petitioner had engaged in disruptive and obstructive conduct both in and out of court. (ECF No. 1 at 24-36.)

    Petitioner challenged the trial court's ruling by filing a petition for a writ of

mandate in the California Court of Appeal. (Case No. B286230.)[1] After the petition was denied, petitioner filed a petition for review in the California Supreme Court. (Case No. S246177.) His petition also was denied. (ECF No. 19.)

In this federal habeas corpus petition, petitioner alleges that the trial court's revocation of his pro per status violates his rights under *Faretta v. California*, 422 U.S. 806 (1974). Petitioner seeks an order directing the state trial court to restore his pro per status in the criminal proceedings. (*See* ECF No. 1 at 17.) For the following reasons, the petition is subject to summary dismissal.

## DISCUSSION

"Fundamental principles of comity and federalism prohibit the federal courts from enjoining ongoing state proceedings except under 'extraordinary circumstances.'" *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (quoting *Younger v. Harris*, 401 U.S. 37, 45 (1971)). The longstanding public policy against federal court interference with pending state court proceedings is sufficiently important that federal courts may raise abstention sua sponte. *See Hoye v. City of Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011); *Romero v. California*, 2012 WL 1570080, at *2 (C.D. Cal. May 3, 2012) (citing *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989)).

*Younger* abstention is appropriate where: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). In this case, all three of the *Younger* criteria are satisfied.

First, petitioner's criminal proceedings are ongoing. *See, e.g.*, *Wilson v.*

---

[1] The Court takes judicial notice of the relevant state court dockets, which are accessible at http://appellatecases.courtinfo.ca.gov. *See* Fed. Rule Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-1132 (9th Cir. 2012).

*Gastelo*, 2017 WL 2436022, at *2 (C.D. Cal. May 15, 2017) ("Where a federal habeas petition is filed prior to the state courts' resolution of the petitioner's direct appeal, district courts generally find that the above three factors are met."), *report and recommendation adopted*, 2017 WL 2432553 (C.D. Cal. June 1, 2017). Second, states have an important interest in passing upon and correcting violations of a criminal defendant's rights. *See Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (states have important interest in addressing violations of criminal defendant's rights, such that *Younger* abstention appropriate where petitioner's direct appeal pending in state court of appeal). Third, petitioner has an adequate opportunity in the state trial and appellate proceedings to resolve any federal questions that may have arisen during the proceedings, including an alleged violation of his right of self-representation. *See Middlesex County Ethics Committee*, 457 U.S. at 432 (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary).

Extraordinary circumstances may render abstention inappropriate. In particular, abstention may not be warranted where a prosecution is "undertaken by state officials without hope of obtaining a valid conviction," or if a challenged criminal statute is "flagrantly and patently violative of express constitutional prohibitions." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Espinoza v. Montgomery*, 107 F. Supp. 3d 1038, 1042 (N.D. Cal. 2015) (abstention may not be warranted if "the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief" or "the state tribunal is incompetent by reason of bias"). Here, nothing suggests that such extraordinary circumstances exist.

Accordingly, the petition is dismissed without prejudice to its refiling after petitioner's state criminal proceedings (including his direct appeal) are completed and his federal claims have been properly presented to the California courts. *See Gomez v. FBI*, 2017 WL 5668027, at *2 (C.D. Cal. Nov. 27, 2017) (summary dismissal warranted where all of the *Younger* requirements were satisfied and no extraordinary circumstances existed); *Romero v. California,* 2012 WL 1570080, at *2 (C.D. Cal. May 3, 2012) ("under the *Younger* Abstention Doctrine, this Court is barred from directly interfering with Romero's ongoing state criminal proceedings").

DATED: May 2, 2018

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

4